UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DAVID ARROYO AVILES<br><br>Defendant. | )<br>)<br>)<br>) CRIMINAL ACTION<br>) NO. 08-10110-WGY<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

YOUNG, D.J.                                               MARCH 12, 2009

Defendant David Arroyo Aviles was charged with several firearm and controlled substance offenses. He moved to suppress physical evidence and various statements he made during his arrest and while in custody, alleging that they were the result of a violation of his Fourth, Fifth, and Sixth Amendment rights. The Court held an evidentiary hearing on the motion to suppress on January 30, 2009 and made its factual findings from the bench. The parties provided further briefing on the legal issues. After considering the briefs, the Court hereby rules that all the evidence is admissible.

Aviles has admitted in his post-hearing memorandum that, if the "all persons present" clause of the warrant is indeed unconstitutional, the proper remedy is to sever that paragraph of the warrant. Def.'s Mem. Supp. at 3 n.4 [Doc. No. 16]. The remainder of the warrant is still valid. Because the physical

evidence and Aviles' statements are admissible even if the "all persons present" clause was not in the warrant, the Court need not decide the validity of that clause. The remainder of the warrant was constitutionally sound, properly executed, and gave the police the legal authority to search the apartment, which turned up drugs, cash, and a firearm.

Mr. Aviles' subsequent statements were voluntary and were made after he was properly Mirandized and understood his rights. Moreover, the Court rules that Aviles did not assert his Sixth Amendment rights before his conversation with Agent O'Shea. Under both the test announced in Blockburger v. United States, 284 U.S. 299, 304 (1932) and the dual sovereignty doctrine, see United States v. Coker, 433 F.3d 39 (1st Cir. 2005), Aviles' assertion of his Sixth Amendment right in the state proceedings does not carry over to the federal proceedings. Before his conversation with O'Shea, Aviles was properly Mirandized, understood his Fifth and Sixth Amendment rights, and voluntarily waived them. Accordingly, Aviles' Motion to Suppress is DENIED.

SO ORDERED.

*William G. Young*
WILLIAM G. YOUNG
DISTRICT JUDGE